IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CHRISTOPHER MYERS | ) | |
|---|---|---|
| | ) | Civil Action No. 08 - 318 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) | |
| SUPERINTENDENT ROZUM; CORR. OFFICER SGT. MILLER; CORR. OFFICER DUMAN, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion to Dismiss (doc. no. 23). The allegations of Plaintiff's Amended Complaint are that he was ordered to sleep on the top bunk of his cell despite having a medical authorization for the bottom bunk due to an epilepsy condition. Defendants have moved for dismissal of the Amended Complaint solely on the basis of Plaintiff's failure to have complied with the DOC three-step grievance process available to Pennsylvania state prisoners. For the reasons that follow, Defendants' Motion to Dismiss will be denied. An appropriate order follows.

A. <u>Standard of Review - Motion to Dismiss Under Rule 12(b)(6)</u>

A complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v.Twombly</u>, 550 U.S. 554, 556 (2007)(rejecting the traditional 12

(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff.  Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).  The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  *See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)).  Nor must the court accept legal conclusions set forth as factual allegations.  Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp., 550 U.S. at 555.  Additionally, "a civil rights claim 'must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." ' Coronado v. Goord, No. 99 Civ. 1674, 2000 WL 1372834, at *2 (S.D.N.Y. 2000) (quoting Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987)).

Courts consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss.  Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  In addition, factual allegations within documents described or identified in the

complaint may be considered if the plaintiff's claims are based upon those documents. *Id.* (citations omitted). A district court may consider these documents, as well as indisputably authentic documents, without converting a motion to dismiss into a motion for summary judgment. <u>Spruill v. Gillis</u> 372 F.3d 218, 223 (3d Cir.2004); <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997). Finally, a court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

B. <u>Failure to Have Exhausted Administrative Remedies</u>

Defendants' sole basis for dismissal of the Amended Complaint is Plaintiff's alleged failure to have exhausted available administrative remedies as required by the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). In this regard, in the PLRA, Congress amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e, concerning suits by prisoners. Before the amendments, prisoners challenging the conditions of their confinement under 42 U.S.C. § 1983 were not required to exhaust administrative remedies before filing suit. The PLRA amended section 1997e(a), as follows, making exhaustion a mandatory requirement.

> (a) Applicability of administrative remedies
>
> > No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

> confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), as amended.

The United States Court of Appeals for the Third Circuit analyzed the applicability of the exhaustion requirement in 42 U.S.C. § 1997e in <u>Nyhuis v. Reno</u>, 204 F.3d 65 (3d Cir. 2000) (Bivens action brought by a federal inmate) and <u>Booth v. Churner</u>, 206 F.3d 289 (3d Cir. 2000) (civil rights action brought by a state prisoner). In each of these cases, the Court of Appeals announced a bright line rule that inmate-plaintiffs must exhaust all available administrative remedies before they can file an action in federal court concerning prison conditions. In so holding, the court specifically rejected the notion that there is ever a futility exception to section 1997e(a)'s mandatory exhaustion requirement. <u>Booth</u>, 206 F.3d at 300; <u>Nyhuis</u>, 204 F.3d at 66. A unanimous Supreme Court affirmed the Court of Appeals' holding in <u>Booth v. Churner</u>, 532 U.S. 731 (2001) where the Court confirmed that in the PLRA Congress mandated complete exhaustion of administrative remedies, regardless of the relief offered through those administrative procedures. In addition, in<u>Porter v. Nussle</u>, 534 U.S. 516 (2002), the Supreme Court clarified that the PLRA's exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or specific episodes and whether they allege excessive force or other conduct.

4

The administrative grievance procedure for Pennsylvania inmates is codified in the Pennsylvania Department of Corrections Policy Statement No. DC-ADM 804-1, entitled "Consolidated Inmate Grievance Review System." The purpose of the grievance system is to insure that DOC inmates have an avenue through which prompt resolution of any problem which arises during the course of confinement may be sought. DC-ADM 804 ¶ 1. The grievance system applies to all state correctional institutions and provides three levels of review: 1) initial review by the facility grievance coordinator; 2) appeal of initial review to the superintendent or regional director; and 3) final appeal to the Secretary's Office. DC-ADM 804 ¶ VI. The administrative policy further provides that, prior to utilizing the grievance system, prisoners are required to attempt to resolve problems on an informal basis through direct contact or by sending an inmate request slip to the appropriate staff member. DC-ADM 804 ¶ V.

In the instant action, on October 22, 2007, Plaintiff filed Grievance No. 204870 wherein he complained about being moved to a top bunk despite having medical approval requiring him to have bottom bunk status (doc. no. 23-2, pp. 2-3). Plaintiff claims that this grievance was resolved in his favor on October 30, 2007 (doc. no. 38-2, p. 12). On October 31, 2007, Plaintiff filed Grievance No. 205727 wherein he requested money damages for Defendants' interference with his medical orders (doc. no. 38-2). Plaintiff's request was denied and he appealed this grievance through all three levels of review.

5

A prisoner's failure to comply with the procedural and substantive requirements of DOC's grievance policy, as set forth in DC ADM 804, results in procedural default, thereby precluding an action in federal court. *See* Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004). However, it appears from Plaintiff's allegations that Grievance No. 204870 was resolved in his favor on October 30, 2007. Thus, there was no basis for Plaintiff to have filed an appeal. The exhaustion requirement in the PLRA was promulgated to facilitate early resolution of a prisoner's claims by the appropriate prison officials. This is precisely what happened in the instant action. Only when the claim is denied must a prisoner file an appeal through all three levels of review. Consequently, Defendants are not entitled to dismissal of the Amended Complaint based upon Plaintiff's failure to have appealed Grievance No. 204870. An appropriate order follows.

**AND NOW** this 14th day of April, 2009

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (doc. no. 23) is **DENIED**.

_____
Lisa Pupo Lenihan
United States Magistrate Judge


cc:  Christopher Myers
     1845 Brunner Street
     Philadelphia, PA 19140